BLANK ROME LLP
Attorneys for Plaintiff
Thomas H. Belknap, Jr.
Noe S. Hamra
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORDLAKS PRODUKTER AS,<br><br>Plaintiff,<br><br>-v-<br><br>TRUFRESH LLC; BARNET L. LIBERMAN,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT** |

Plaintiff, NORDLAKS PRODUKTER AS ("Plaintiff"), by its attorneys, Blank Rome LLP,

complaining of the above-named Defendants, TRUFRESH LLC ("TruFresh") and BARNET L.

LIBERMAN ("Liberman") (jointly "Defendants"), alleges upon information and belief as follows:

## PARTIES

1. Plaintiff is a company organized and existing under the laws of Norway with its principal

office at Industriveien 14, 8450 Stokmarknes, Norway.

2. Defendant TruFresh is a limited liability company organized under the laws of the State of

New York having its principal place of business at 421 Hudson St., New York, NY 10014.

3. Defendant Liberman is a citizen of the United States and of the State of New York, also

with a primary address at 421 Hudson St., New York, NY 10014, and is the sole member and

president of Defendant TruFresh.

148321.06501/107868813v.1

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

5.   This Court is the proper venue for this proceeding in accordance with 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

6.   Plaintiff and TruFresh agreed that Plaintiff would ship salmon to TruFresh from Norway to several cities in the United States as and when ordered by TruFresh and that TruFresh would promptly pay Plaintiff's invoices when issued but, in any event, no later than 90 days after issuance.

7.   Additionally, by guarantee dated January 6, 2010 (the "Guarantee Agreement"), Defendant Liberman provided Plaintiff a personal payment guarantee in the principal amount of USD 1,000,000.00 (One Million United States Dollars) in the event TruFresh failed to meet its financial obligations to Plaintiff. A copy of Defendant's Guarantee is attached as Exhibit A.

8.   The Guarantee Agreement expressly states that it concerns "all invoices regarding deliveries of salmon from [Plaintiff] Nordlaks Produkter AS to [Defendant] TruFresh LLC…. In addition to the principal, the Guarantee also comprises interest, fees, charges and compensation for loss of interest (premium) which have been agreed between the [Plaintiff and Defendant TruFresh]…."

9.   Pursuant to the parties' agreements and upon TruFresh's order, Plaintiff delivered to Defendant TruFresh numerous shipments of salmon between August 2017 and March 2018. A

2

copy of TruFresh's Purchase Orders are attached as Exhibit B.  A copy of Nordlaks' Order Confirmations are attached as Exhibit C.

10. Plaintiff invoiced Defendant TruFresh for each of the cargoes shipped. However, Defendant TruFresh failed to pay any of the invoices issued by Plaintiff, which totaled USD $1,352,093.61. A copy of Plaintiff's invoices are attached as Exhibit D.

11. Despite due demand, Defendant TruFresh failed to pay Plaintiff the full amount due under the invoices notwithstanding that the time for payment has passed.

12. Pursuant to the Guarantee Agreement, on May 16, 2018 Plaintiff demanded Defendant Liberman to pay the amount owed by Defendant TruFresh.

13. As of the date of this Complaint, Plaintiff has received no payment from Liberman.

14. By partial settlement agreement dated June 18, 2018, Nordlaks and TruFresh agreed that certain inventory delivered to TruFresh but not yet paid for would be returned to Nordlaks in partial settlement of the outstanding balance due.  The parties agreed the value of the returned inventory was $129,362.05, which amount would be credited against the outstanding balance due.

15. The parties also agreed that certain outstanding amounts due to TruFresh from its customer SYSCO would be paid directly to an account controlled by Nordlaks and thereupon credited against amounts due to Nordlaks under the invoices.  To date, however, no funds have been received to this account.

16. Attached as Exhibit E is a calculation of principal and interest due on the invoices through July 31, 2018, accounting for the credit referenced above for inventory assigned back to Nordlaks. The total amount due is currently $1,268,509.52.  Interest continues to accrue.

17. To date, despite its demands for payment, Defendants have failed to pay Plaintiff.

148321.06501/107868813v.1

## COUNT I
## BREACH OF CONTRACT
### Against TruFresh LLC

18. Plaintiff repeats and incorporates by reference herein the allegations in paragraphs 1 through 17 of the Complaint as if repeated verbatim.

19. Plaintiff has performed all of its obligations under the contract with Defendant TruFresh.

20. Despite due demand, Defendant TruFresh has failed to pay Plaintiff the full amount due to which it is entitled under the invoices, notwithstanding that all such payments are past due.

21. As of the date of filing of this Complaint, no part of the outstanding amount due to plaintiff has been paid although duly demanded.

22. The non-payment of Plaintiff's invoices constitutes a breach of the contract between Plaintiff and Defendant TruFresh for which Defendant is liable.

## COUNT II
## BREACH OF THE GUARANTEE AGREEMENT
### Against Barnet L. Liberman

23. Plaintiff repeats and incorporates by reference herein the allegations in paragraphs 1 through 17 of the Complaint as if repeated verbatim.

24. Despite due demand, Defendant Liberman has failed to fulfill his obligations under the Guarantee Agreement by refusing to pay Plaintiff the full amount past due under the invoices.

25. As of the date of filing of this Complaint, no part of the outstanding amount due to Plaintiff has been paid although duly demanded.

26. The non-payment of Plaintiff's invoices constitutes a breach of the Guarantee Agreement for which Defendant Liberman is personally liable.

148321.06501/107868813v.1

**WHEREFORE**, Plaintiff prays:

a.     That judgment may be entered in favor of Plaintiff against Defendant TruFresh under the invoices and against Liberman under the Guarantee Agreement in the amount of $1,268,509.52 together with interest, costs and attorneys' fees; and

b.     For such other and further relief as this Court may deem just and proper.

Dated: New York, NY
August 7, 2018

Respectfully submitted,

BLANK ROME, LLP
Attorneys for Plaintiff

By: _____
Thomas H. Belknap, Jr.
Noe S. Hamra
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
TBelknap@blankrome.com
NHamra@blankrome.com

5